Portsmouth District Court
No. 85-027

### CITY OF PORTSMOUTH

v.

### ROBERT KAROSIS

AND

### THOM A. LAGER

July 1, 1985

*James J. Flynn,* assistant city attorney, by brief and orally, for the plaintiff.

*Ahlgren and Perrault,* of Portsmouth (*John L. Ahlgren* on the brief and orally), for the defendants.

MEMORANDUM OPINION

In this interlocutory appeal, the defendants challenge the denial by the Portsmouth District Court (*Taylor,* J.) of their motion to dismiss the small claims action, *see* RSA chapter 503, of the plaintiff, the City of Portsmouth. We reverse.

The city brought the action to collect fines or forfeitures from the defendants for alleged violations of the city's parking ordinance. The issue before us is whether the city may resort to the small claims procedures of RSA chapter 503, as an alternative to a proceeding under the criminal code, *see* RSA 625:9, V, for violations of the city's ordinance. We hold that the institution of such small claims actions is beyond the legal authority of the city and that the instant suit must therefore be dismissed.

██ "[C]ities and towns have only those powers which are granted to them by the legislature. 'Municipalities that attempt to exercise . . . delegated power can only do so in a manner that is consistent with the provisions of the enabling statute.'" *Dugas v. Town of Conway,* 125 N.H. 175, 181, 480 A.2d 71, 75 (1984) (quoting *Town of Tuftonboro v. Lakeside Colony, Inc.,* 119 N.H. 445, 448, 403 A.2d 410, 412 (1979)) (citations omitted).

█ The authority of the city to prosecute a violator of its parking ordinance is limited to the institution of an action for the commission of an offense under the criminal code. *See* RSA 625:6, :7, and :9, V. RSA 47:19 provides: "All fines and forfeitures for the violation of any by-law or ordinance of a city shall be recovered by *complaint* before the municipal court of said city . . . ." (Emphasis added.) *See* RSA 592-A:7. Under RSA 47:21, "Any party so *prosecuted* shall have the right to appeal to the superior court in the same manner and on the same terms and conditions as are provided by law for appeals from the judgments of municipal or district courts *in other criminal prosecutions.*" (Emphasis added.) We read these statutes to authorize the city to enforce judicially its parking ordinance only through the institution of actions under the criminal code.

█ By thus limiting the rights of action of the city, the statute affords alleged violators of the city's parking ordinance the procedural and substantive protections afforded other defendants facing

violation charges, *see* RSA 625:9, V, including the three month limitations period of RSA 625:8, I(d). The city may not nullify these protections through the unauthorized use of a small claims proceeding.

*Reversed.*